## Case No. 13,279.

STAINTHORP et al. v. HUMISTON.

[1 Fish. Pat. Cas. 475.] [1]

Circuit Court, S. D. New York. March, 1859.

PATENTS — NOVELTY — PRESUMPTION AS TO SUBSEQUENT PATENT.

1. The grant of a subsequent patent covering a given device, is evidence, that, in the opinion of the commissioner of patents, the device is substantially different from that described in a prior patent.

2. The novelty of Stainthorp's invention for making candles examined and sustained.

[Cited in Thayer v. Wales, Case No. 13,-871.]

This was a bill in equity [by John Stainthorp and Stephen Seguine against Willis Humiston] filed to restrain the defendant from infringing letters patent [No. 12,492], "for improvement in machines for making candles," granted to John Stainthorp, March 6, 1855. The claims of the patent may be found in the report of the case of Stainthorp v. Elkinton [Case No. 13,278], and are also quoted in the opinion.

George Gifford, for complainants.
Charles M. Keller, for defendant.

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

HALL, District Judge. The bill in this case was filed for an injunction and account, and is founded upon a patent for "a new and useful improvement in machines for making candles," granted to the complainant, Stainthorp, on March 6, 1855. A "caveat" in respect to this invention was filed by Stainthorp, November 18, 1853, and the application on which the patent was issued has the date of November 15, 1854.

The patent embraces two distinct claims: First, the employment of pistons formed at their upper end into molds for the tips of candles, in combination with stationary candle molds, to throw out the candles in a vertical direction, substantially as set forth in the specification; and, second, the combination of the rack, tip bar, and clasps, constructed and arranged substantially as described, and for the purposes specified in the specification.

The defendant is a manufacturer of candle-molding machines, and claims to be the inventor of machines which he manufactures. He produces three patents issued to himself —one of December 23, 1851, for the employment of gripes for griping wicks, and drawing and suspending the candles on the frame above the molds, until the next series of candles are made; one of April 4, 1854, for an apparatus for stretching the wicks for candles, and for a centering bar or plate, with a stop or guide for centering the wick, in combination with the wick stretcher; and one of July 24, 1855, for making the top of the piston or tip mold in which the candle rests movable on the piston, so that it may remain in contact with the candle, while the piston is slightly depressed or lowered to bring it up with a sudden blow, to start the candles from the molds; also, in contradistinction from clamping the wicks, or from a tip bar or supporter, the clamping of the candles themselves in the position in which they are forced from the molds, and thus holding them until ready to be removed, by which means greater facilities for pouring into or filling the molds are retained, and the dangers of breaking the candles, or their tips, are avoided.

There is no evidence of the infringement of the second claim of the patent under which the complainants claim. This claim is for the combination of the rack, tip bar, and clasps found in the Stainthorp machine; and as neither the tip bar, nor any mechanical equivalent, is found in the defendant's machine, there is clearly no infringement of that claim. In the defendant's machine, the bodies of the candles are clasped and compressed, and are held in the desired position, while the tips remain untouched and unaffected; and in the complainants', the bodies of the candles are not at all compressed, and the sole pressure is that of the weight of the candles upon the tip bar, and which affects the tips only. The two devices and their modes of operation are, therefore, sufficiently distinct to allow each to be secured by a separate patent; and this must have been the opinion of the commissioner of patents, who granted the patent covering the defendant's device, after the issue of that under which the complainants claim.

It is conceded that there is an infringement of the first claim of the complainants' patent, if the patent itself can be sustained; and the defense in respect to this claim is want of novelty. It is insisted that the combination covered by the first claim, is to be found in the Morgan machine and in those of Whitfield & Hewitt. The defense was made in the case of Stainthorp v. Elkinton [Case No. 13,278], in the Eastern district of Pennsylvania, and was, after argument, overruled by Judges Grier and Cadwalader. The testimony in that case is the same that it is in this. The complainants have, therefore, the authority of that decision directly in point, in answer to such defense; and after as careful an examination of the case as my engagements have allowed me to give, I can find no sufficient reason for sustaining the defense in opposition to that decision.

In neither of the machines referred to was there the same combination, organization, mode of operation, as that in the machine patented by the complainants. Whitfield & Hewitt's machines had not the same device, nor did either of them operate in the same way. The pistons, or mandrels, in those machines were so worked as to supply the place of the "popping" operation upon the hand mold, but they did not throw out the candles in substantially the manner in which that operation is performed by the Stainthorp machine.

The Morgan machine did not throw out the candles in a vertical position, and although the rammers there used in connection with the short pistons, to which, during the operation of the machine, they were temporarily attached, operated to throw out the candles horizontally, by an operation quite like that which throws them out vertically in the Stainthorp machine, they were not attached to stationary candle molds; nor, taking the whole operation together, was it substantially like the operation of the Stainthorp machine. It must be conceded that with all these prior machines before him, an intelligent, thoughtful person, practically acquainted with the whole art and process of candle making, and constantly superintending and aiding in the operation of several of the prior machines, might, without the exercise of any extraordinary power of invention, devise and perfect the organization covered by the first claim of the Stainthorp patent, and that, looking now at the several prior machines in connection with that of Stainthorp, it appears somewhat strange that the invention perfected by him was not sooner produced. But this is true in respect to many important inventions, and, upon the whole case, I am of the opinion that inven-

tion was required to produce the organization and device covered by the first claim of Stainthorp; that the defense of want of novelty has not been made out; that the defendant has infringed, and that the complainants are entitled to a decree. The machine of the defendant contains substantially the same combination as that covered by Stainthorp's first claim; the introduction of the loose tips and slot being an improvement upon the device patented by Stainthorp. This last improvement was, I think, properly patented by the defendant. It is doubtless true, that the same result is produced in the complainants' machine, by the use of the flange at the bottom of the piston rod, or rammer, in connection with the arrangement which allows the requisite end-play to the piston rod, or rammer, and this produces the sharp hammer stroke, which, in its operation or effect, is equivalent to the operation of "popping" in the old hand machines. This arrangement and device now adopted in the complainants' machine, and devised and adopted before his application for a patent, is neither described in Stainthorp's specification, nor shown upon his drawing, and if it appeared in the working machine in use prior to Humiston's patent, this was not probably brought to the knowledge of the commissioner, and would not, therefore, affect his decision upon the defendant's application for a patent. But whether that patent was or was not properly granted, is not now in issue, and need not be discussed.

Decree for complainants, according to this opinion.

[For other cases involving this patent, see Cases Nos. 13,278, 13,280, 13,281, and 13,872.]